9725

YOUNG v. SOUTHERN RY. CO.

(94 S. E. 302.)

MASTER AND SERVANT—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.—In an action for injuries sustained by a railroad porter when he was seized with epileptic convulsions and fell from the train, where the pleadings and the evidence raised questions as to his mentality; whether he had mental capacity enough to appreciate the dangers of the service; whether defendant employed him with knowledge of his affliction, or should be charged with notice thereof; whether by reason of his affliction he was capable or incapable of performing his duties; whether he was assigned to duties beyond his mental capacity and comprehension that were dangerous to him by reason of his want

of mental capacity and his affliction by reason of progressive epilepsy; and whether he had knowledge that he was incapable of performing his duties when he applied for employment—the Court properly refused to direct a verdict, and submitted the case to the jury.

Before MAULDIN, J., York, November, 1916.    Affirmed.

Action by Thomas Young against the Southern Railway Company, for injuries alleged to have been caused by falling from defendant's train, on which he was employed as porter when he was suddenly seized with epileptic convulsions.    From a judgment for plaintiff, defendant appeals.

*Messrs. McDonald & McDonald* and *B. L. Abney,* for appellant, submit: *The liability of the master under the Federal Employers' Liability Act exists only when some agent, other than the employee injured, is guilty of negligence, having a casual connection with the injuries sustained:* 240 U. S. 66; 241 U. S. 333.    *It is also clear that the questions of negligence and of proximate casual connection are of law for the Court:* 229 U. S. 265; 223 U. S. 265; 236 U. S. 668. *There was no evidence tending to show negligence on the part of the railway company toward Young, and the motions for nonsuit and direction of verdict should have been granted:* 241 U. S. 333.    *In absence of such evidence a clear and palpable error is shown:* 243 U. S. 572; 242 U. S., 169; 236 U. S. 464; 242 U. S., 303.    And cite: *As to liability for employing an unfit servant:* 1 Labatt M. & S. (1st ed.) 180; *Ib.* 35, 36; 148 Mass. 98; 18 N. E. 675; 68 So. 274; 57 L. R. A. (N. S.) 1915e, 369; 165 Ky. 386; 57 L. R. A. (N. S.) 613.    *As to assumption of risk:* 147 U. S. 238; 135 U. S. 554; 170 U. S. 165; 191 U. S. 64; 232 U. S. 94; 228 U. S. 319.

*Messrs. Harry Foster* and *J. Fraser Lyon,* for respondent.

July 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action brought by plaintiff against the defendant for damages, actual and punitive, for alleged personal injuries sustained by the plaintiff on December 17, 1911, while employed as a porter on one of defendant's trains, running from Columbia, S. C., to Charlotte, N. C. The action was brought under the provisions of the Federal Employers' Liability Act (act April 22, 1908c, 149, 35 Stat. 65 [U. S. Comp. St. 1916, secs. 8657-8665]), and was tried before Judge Mauldin and a jury at the November term of the Court, 1916, for York county. The defendant interposed two defenses, a general denial and assumption of risk. Motion for nonsuit and for direction of verdict were made by the defendant. Both motions were refused by the presiding Judge. When the motion for nonsuit was made, plaintiff's attorneys withdrew any and all claim for any punitive damages. The jury rendered a verdict in favor of the plaintiff for the sum of $1,600. After entry of judgment, defendant appeals and alleges error on the part of his Honor in not directing a verdict in favor of the defendant at the close of all the testimony, on the ground that there was no evidence tending to show any negligence on the part of defendant which was the proximate cause of plaintiff's injuries, and upon the ground that the action was brought under the Federal Employers' Liability Act and the whole evidence showed as a matter of law that the injuries received by the plaintiff arose from and were the direct and proximate result of the ordinary risks assumed by him in his employment by the defendant, and that the defendant was not liable therefor.

So the exceptions raise this question: Was his Honor in error in not directing a verdict in favor of the defendant? The pleadings and evidence raise the question as to the mentality of the plaintiff; this was an important and far-reaching issue in the case and necessarily had an important bearing in deciding the issuable facts in the case. What was the mental capacity of the plaintiff? Was he deficient in intellect or was his intellect of normal capacity? Did he or

did he not have mental capacity enough to sufficiently appreciate the danger of the service? Did the defendant employ plaintiff with knowledge of his affliction, or should the defendant be charged with notice of his affliction, and whether the plaintiff, by reason of his affliction, was capable or incapable of performing the duties he was required to do and incident to his employment? Did the defendant know, or have reason to know, that the plaintiff's mind was impaired by reason of progressive epilepsy and convulsions, and was the plaintiff assigned to duties beyond his mental capacity and comprehension that were dangerous for him by reason of his want of mental capacity and affliction by reason of progressive epilepsy? Did the plaintiff have knowledge that he was incapable of performing the duties that he contracted for when he applied for this employment? All of this was for the jury in determining the case, and his Honor committed no error in submitting the case to the jury. It was necessary, under the pleadings and evidence, that the case should be submitted to the jury, and the exceptions are overruled and judgment affirmed.